# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| ANDREA L. VICKERS, | Case No. 3:14-cr-00003-SLG |
| Defendant. | |

## ORDER RE ALL PENDING MOTIONS

Before the Court are Defendant Andrea Vickers' Motion to Correct Judgment Pursuant to Federal Rule of Criminal Procedure 36 at Docket 188 and an Amended Motion to Correct Judgment Pursuant to Federal Rule of Criminal Procedure 36 at Docket 189. Also before the Court is Mr. Vickers' pro se Motion to Amend and Adjust Sentence at Docket 179. The Government responded in opposition at Docket 193.

On June 13, 2013, this Court sentenced Mr. Vickers to a total of 228 months' imprisonment after Mr. Vickers pled guilty to escape and carjacking.[1] The criminal judgment did not mention any related state cases. On October 28, 2015, Mr. Vickers was sentenced in state court to five years' imprisonment on charges arising from the same conduct underlying his federal convictions; the state court

---

[1] Docket 58 at 1-2; Docket

judgment indicated that Mr. Vicker's state sentence would run concurrent with his federal sentence.[2]

With his current motion, filed pursuant to Federal Rule of Criminal Procedure 36, Mr. Vickers "seeks to correct an oversight in the judgment in this case which inadvertently resulted in consecutive sentences in state and federal court for relevant conduct arising out of the same incident."[3] He maintains that, pursuant to Sentencing Guideline § 5G1.3, he "should have received credit against his federal sentence for his time spent in state custody, and his federal sentence should have been ordered to run concurrently to the remainder of the undischarged term of imprisonment in state custody."[4] Mr. Vickers contends that Rule 36 provides a remedy to correct this purported oversight, and he asks this Court to reduce his sentence to 223 months to account for the time he has served in state custody on offenses that are relevant conduct to the instant offense.[5]

The Government responds that "there is nothing to correct," and Mr. Vickers cannot avail himself of Rule 36 because "[n]othing in the judgment, nor absent from the judgment, is a clerical mistake that does not conform with the plea agreement, oral record, or common practice."[6]

---

[2] Docket 189-1 at 2-3.

[3] Docket 189 at 1.

[4] Docket 189 at 2-4.

[5] Docket 189 at 6.

[6] Docket 193 at 6.

Case No. 3:14-cr-00003-SLG, *United States v. Vickers*
Order Re All Pending Motions
Page 2 of 6
Case 3:14-cr-00003-SLG   Document 199   Filed 06/21/24   Page 2 of 6

Federal Rule of Criminal Procedure 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." "Rule 36 is a vehicle for correcting clerical mistakes but it may not be used to correct judicial errors in sentencing."[7]

The Court agrees with the Government that there was no clerical error in the judgment nor is there an error in the record arising from oversight or omission. While Guideline § 5G1.3 provides that if "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . . , the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment," it is clear from the record that, at sentencing, the parties did not raise the issue of the federal sentence to run concurrent with any later-imposed state sentence.[8] Accordingly, no state sentence was anticipated at sentencing and therefore, Rule 36 does not provide Mr. Vickers with an avenue for relief. As such, the Court denies his motions filed pursuant to Rule 36.

Regarding Mr. Vickers' pro se motion to amend his sentence, the Court notes that the record suggests that, at least in 2016 during habeas proceedings

---

[7] *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) (citation omitted).

[8] *See generally* Docket 70 (Tr. of Imposition of Sentence June 13, 2014). Counsel for Mr. Vickers only briefly mentioned that Mr. Vickers had been charged with state crimes, Docket 70 at 24, and, after the sentence was imposed, the Government noted that Mr. Vickers had pending state charges "so he [would] remain in State custody," Docket 70 at 33.

Case No. 3:14-cr-00003-SLG, *United States v. Vickers*
Order Re All Pending Motions
Page 3 of 6
Case 3:14-cr-00003-SLG   Document 199   Filed 06/21/24   Page 3 of 6

subsequent to sentencing, both parties understood that Mr. Vickers' federal and state sentences would run concurrently.[9] The state court judgment also indicated that Mr. Vickers' state sentence would run concurrent to his federal sentence. And, as Mr. Vickers noted in his motions, § 5G1.3 indicates that federal and state sentences based on convictions arising out of the same conduct "shall" run concurrently.

The Supreme Court has suggested that, in the context of whether a sentencing court can order that a federal sentence be served concurrent to a yet-to-be-imposed state sentence, where a district court "fail[s] to anticipat[e] developments that take place after the first sentencing," and such a failure "produces unfairness to the defendant, [Section 3582(c)(1)(A)] provides a mechanism for relief."[10] The First Step Act of 2018, enacted on December 21, 2018, amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[11] If an inmate has exhausted his administrative rights, a district court will consider the motion on the merits. To reduce a sentence on the merits, a court must find

---

[9] *See* Docket 198 at 6-7 (Tr. of Status Conference April 8, 2016).

[10] *Setser v. United States*, 566 U.S. 231, 242-43 (2012) (internal quotation marks and citation omitted).

[11] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence. Now, a court may consider a motion filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Case No. 3:14-cr-00003-SLG, *United States v. Vickers*
Order Re All Pending Motions
Page 4 of 6
Case 3:14-cr-00003-SLG   Document 199   Filed 06/21/24   Page 4 of 6

that "extraordinary and compelling reasons," as set forth in the applicable policy statements issued by the Sentencing Commission, and the applicable factors set forth in 18 U.S.C. § 3553(a) warrant a sentence reduction.[12] The Sentencing Guidelines enumerate several circumstances that constitute extraordinary and compelling circumstances; the Guidelines also contain a catchall provision for "other reasons" that might constitute an extraordinary or compelling reason warranting a sentence reduction, and a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together" "are similar in gravity" to the enumerated reasons.[13]

Mr. Vickers' pro se motion could be construed as seeking relief under § 3582(c)(1)(A). However, because Mr. Vickers failed to demonstrate that he has exhausted his administrative remedies nor addressed the relevant § 3553(a) factors, the Court denies his motion without prejudice to him seeking such relief from this Court after he has appropriately exhausted his administrative remedies.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant's Motions to Correct Judgment Pursuant to Federal Rule of Criminal Procedure 36 at Dockets 188 and 189 are each **DENIED**. Defendant's Motion to Amend and Adjust

---

[12] 18 U.S.C. § 3582(c).

[13] *See* U.S. Sent'g Guidelines Manual § 1B1.13(b)(5) (U.S. Sent'g Comm'n 2023).

Case No. 3:14-cr-00003-SLG, *United States v. Vickers*
Order Re All Pending Motions
Page 5 of 6
Case 3:14-cr-00003-SLG   Document 199   Filed 06/21/24   Page 5 of 6

Sentence at Docket 179 is **DENIED** without prejudice to renewal after Defendant exhausts his administrative remedies pursuant to § 3582(c)(1)(A).

DATED this 21st day of June, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:14-cr-00003-SLG, *United States v. Vickers*
Order Re All Pending Motions
Page 6 of 6
Case 3:14-cr-00003-SLG   Document 199   Filed 06/21/24   Page 6 of 6