# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ANDREA L. VICKERS,

        Defendant.

Case No. 3:14-cr-00003-SLG

## ORDER ON AMENDED MOTION TO REDUCE SENTENCE

Before the Court at Docket 206 is Defendant Andrea Vickers's Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government responded in opposition at Docket 212.

## BACKGROUND

On June 13, 2014, this Court sentenced Mr. Vickers to a total of 228 months' imprisonment after Mr. Vickers pled guilty to escape and carjacking.[1] The criminal judgment did not mention any related state cases. On October 28, 2015, Mr. Vickers was sentenced in state court to five years' imprisonment on charges arising from the same incident underlying his federal convictions; the state court judgment indicated that Mr. Vicker's state sentence would run concurrent with his

_____

[1] Docket 58 at 1-2.

federal sentence.[2]  Mr. Vickers maintains that he was not given federal credit for the time he served in completion of his state sentence.[3]  Mr. Vickers is currently housed in United States Penitentiary Florence ADMAX with a projected release date of November 7, 2034.[4]  Mr. Vickers asks the Court to reduce his sentence to account for the time he spent in state custody before beginning his federal sentence and to grant him a sentence reduction based on acceptance of responsibility.[5]

**DISCUSSION**

## I.    Applicable Law

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[6]  If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits.  To reduce a sentence on the merits, a court must find that "extraordinary and compelling reasons," as set forth

---

[2] Docket 206 at 3.

[3] Doket 206 at 8-9.

[4] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed Dec. 17, 2024).

[5] Docket 206 at 8, 19, 24.

[6] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

Case No. 3:14-cr-00003-SLG, *United States v. Vickers*
Order Re Motion to Reduce Sentence
Page 2 of 6

in the applicable policy statements issued by the Sentencing Commission, and the applicable factors set forth in 18 U.S.C. § 3553(a) warrant a sentence reduction.[7]

The Sentencing Guidelines include a catchall provision for "other reasons" that might constitute an extraordinary or compelling reason warranting a sentence reduction, and a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together" "are similar in gravity" to the enumerated reasons.[8]

## II. Exhaustion of Administrative Rights

Under § 3582(c)(1)(A), a court may reduce a term of imprisonment after a "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[9]   The Court previously denied Mr. Vickers' pro se motion under 18 U.S.C. § 3582(c)(1)(A) because Mr. Vickers failed to demonstrate that he had exhausted his administrative remedies.[10]   With the instant motion, Mr. Vickers provided a July 2024 letter from the warden of his institution denying Mr. Vickers's request for compassionate release on the same issues he raises in the

---

[7] 18 U.S.C. § 3582(c).

[8] U.S. Sent'g Guidelines Manual § 1B1.13(b)(5) (U.S. Sent'g Comm'n 2024).

[9] 18 U.S.C. § 3582(c)(1)(A).

[10] Docket 207 at 3.

Case No. 3:14-cr-00003-SLG, *United States v. Vickers*
Order Re Motion to Reduce Sentence
Page 3 of 6

instant motion.[11]  As such, the Court finds that Mr. Vickers has exhausted his administrative rights and considers his motion on the merits.

### III.     Section 3553(a) Factors

To reduce a sentence on the merits, a court must find that "extraordinary and compelling reasons," as set forth in the applicable policy statements issued by the Sentencing Commission, and the applicable factors set forth in 18 U.S.C. § 3553(a) warrant a sentence reduction.[12]  Mr. Vickers seeks a 40-month "credit against his federal sentence for time spent in state custody from January 11, 2014 to May 10, 2017," pursuant to United States Sentencing Guideline § 5G1.3.[13]  He also contends that he should have received an offense level reduction for acceptance of responsibility pursuant to United States Sentencing Guideline § 3E1.1 and an associated 6-month reduction of his sentence.[14]

Even if the Court found that the sentencing issues that Mr. Vickers raises amount to extraordinary and compelling reasons warranting a sentence reduction, the Court finds that the § 3553(a) factors do not support a sentence reduction at this time.[15]  Mr. Vickers's conduct was serious, violent, and demonstrated a lack

---

[11] Docket 206-8.

[12] 18 U.S.C. § 3582(c).

[13] Docket 206 at 8.

[14] Docket 206 at 11-15, 29.

[15] "Although a district court must perform [the § 3582(c)(1)(A)] sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step."  *Keller*, 2 F.4th at 1284 (emphases in original) (disagreeing with the defendant that a district court must make an explicit "extraordinary and compelling" finding

of respect for the law. He left the transitional facility where he was housed without permission, went to the house of his ex-girlfriend, assaulted her, forced her and her ten-month-old child into her car, and then threatened to murder his ex-girlfriend and her baby.[16] Law enforcement attempted to stop Mr. Vickers when he was driving his ex-girlfriend's vehicle; instead of stopping, Mr. Vickers fled from the officer at 80 miles per hour and crashed into another vehicle.[17] After Mr. Vickers was arrested, the court ordered him not to contact his ex-girlfriend; Mr. Vickers repeatedly violated that order.[18] Further, he is currently housed at Florence ADMAX, a facility that the Bureau of Prisons describes as used for "the containment of extremely dangerous, violent, or escape-prone inmates," as he killed another inmate while in federal custody.

Considering the severe nature of Mr. Vicker's criminal conduct, a reduction of his sentence would not reflect the nature and circumstances of the offense, the history and characteristics of Mr. Vickers, the seriousness of the offense, promote respect for the law, afford adequate deterrence, protect the public, or provide just punishment.[19] Therefore, the Court finds that the applicable factors set forth in 18 U.S.C. § 3553(a) do not support a sentence reduction at this time.

---

before denying a motion based on the § 3553(a) factors).

[16] Docket 48 at 9 (sealed).

[17] Docket 48 at 10 (sealed).

[18] Docket 48 at 11 (sealed).

[19] 18 U.S.C. § 3553(a)(2).

Accordingly, Mr. Vickers's Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) at Docket 206 is **DENIED**.

DATED this 20th day of December 2024, at Anchorage, Alaska.

_/s/ Sharon L. Gleason_
UNITED STATES DISTRICT JUDGE